IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVE BRYANT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:12-cv-562-MEF |
| ) | |
| COMMUNITY BANKSHARES, INC., ) | (WO—Do Not Publish) |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

This cause comes before the Court on Defendants Community Bankshares, Inc., Steve Adams, Edwin B. Burr, Elton Collins, Wesley A. Dodd, Jr., and Mary Wilkerson's (collectively, "Defendants") Motion to Dismiss (Doc. #23). In their motion, Defendants contend that Plaintiffs Dave Bryant ("Mr. Bryant") and Vikki Bryant ("Vikki Bryant") (collectively, "Plaintiffs" or the "Bryants") have failed to properly plead either: (1) that they have met the administrative exhaustion requirements of ERISA, or (2) that they have a legally sufficient excuse for not meeting them. Plaintiffs concede that they did not exhaust their administrative remedies or plead an excuse to exhaustion in their Complaint (Doc. #1), but in response to Defendants' motion to dismiss, they submitted an affidavit to support their futility argument. (*See* Affidavit of Dave G. Bryant ("Bryant Aff."), Doc. #28, at 12–15.) In that affidavit, Mr. Bryant gives testimony that supports Plaintiffs' argument that attempting to exhaust their administrative remedies would have been futile, which, if proved,

would excuse them from ERISA's strict administrative exhaustion requirement.

After careful consideration of the parties' arguments and the relevant law, the Court finds that Plaintiffs are due to be allowed leave to amend the Complaint to more adequately plead exhaustion or excuse, and therefore, Defendants' motion is due to be DENIED AS MOOT with leave to re-file.

## II. JURISDICTION AND VENUE

The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. §1132(e)(1) (ERISA). The parties contest neither personal jurisdiction nor venue, and the court finds sufficient factual bases for both.

## III. DISCUSSION

Plaintiffs submitted an affidavit of Mr. Bryant with their Memorandum in Opposition to Defendants' Motion to Dismiss, in which he testifies to matters relevant to the issue of whether Plaintiffs qualify for the futility exception to ERISA's exhaustion requirement. (*See* Bryant Aff., Doc. #28, at 12–15.) Defendants contend that Plaintiffs' affidavit cannot be considered by the Court on a Rule 12(b)(6) motion. (Doc. #29, at 1–2.) Anticipating this argument, Plaintiffs have requested that the Court grant them leave to amend their Complaint to plead administrative exhaustion or futility. (Doc. #28, at 5–6, 8.)

Under Federal Rule of Civil Procedure 15, following the period in which amendment is allowed as a matter of course, a party may amend its pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Court is to "freely

give leave when justice so requires." *Id.* In this case, the Court finds that justice requires giving Plaintiffs an opportunity to amend the Complaint to put one or both of the issues raised by Defendants' Motion to Dismiss—administrative exhaustion and futility—squarely before the Court for resolution.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that

1. Plaintiffs are granted leave to amend their Complaint **on or before March 1, 2013**; and

2. Defendants' Motion to Dismiss (Doc. # 23) is DENIED AS MOOT with leave to re-file **following the amendment of Plaintiffs' Complaint**.

Done this the 20th day of February, 2013.

                                                /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE